UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA     :   INFORMATION
                             :
        - v. -                :   19 Cr. 379 (VB)
                             :
DAVID WINNE,                  :
                             :
        Defendant.            :
                             :
- - - - - - - - - - - - - - - x

## COUNT ONE
### (Conspiracy to Commit Wire Fraud)

The United States Attorney charges:

1. At all times relevant to this Information, DAVID WINNE, the defendant, was an employee of a consumer products testing laboratory (the "Laboratory") in Rockland County, New York. The Laboratory tested the efficacy and safety of cosmetics, sunscreens and other products on specified numbers of volunteer panelists in exchange for fees paid by consumer products companies (the "Laboratory's Customers").

2. From at least in or about 1987 through in or about April 2017, DAVID WINNE, the defendant, and other employees of the Laboratory tested products on materially lower numbers of panelists than the numbers specified by the Laboratory's Customers. WINNE and other Laboratory employees then falsely represented to the Laboratory's Customers that they had tested the products on the number of panelists specified by the Laboratory's

Customers. WINNE and other Laboratory employees also made materially false and misleading statements about the results of the tests to the Laboratory's Customers.

3. From at least in or about 1987 through in or about April 2017, in the Southern District of New York and elsewhere, DAVID WINNE, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

4. It was a part and an object of the conspiracy that DAVID WINNE, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises as described in paragraph 2 of this Information, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, WINNE and other Laboratory employees sent the Laboratory's reports containing the false information described in paragraph 2 of this Information to the Laboratory's Customers via interstate email and facsimile

communications, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Section 1349).

## COUNT TWO
### (Wire Fraud)

The United States Attorney further charges:

5. The allegations contained in paragraphs 1 and 2 of this Information are repeated and realleged as if fully set forth herein.

6. From at least in or about 1987 through in or about April 2017, in the Southern District of New York and elsewhere, DAVID WINNE, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, WINNE and other Laboratory employees sent the Laboratory's reports containing the false information

described in paragraph 2 of this Information to the Laboratory's Customers via interstate email and facsimile communications.

(Title 18, United States Code, Sections 1343 and 2).

## FORFEITURE ALLEGATION

7. As a result of committing the offenses alleged in Counts One and Two of this Information, DAVID WINNE, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

## SUBSTITUTE ASSET PROVISION

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United

States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 981; Title 21, United
States Code, Section 853; and Title 28, United States Code,
Section 2461.)

*Geoffrey S. Berman*
GEOFFREY S. BERMAN
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

DAVID WINNE,

                Defendant.

## INFORMATION

(18 U.S.C. §§ 1349 and 1343)

GEOFFREY S. BERMAN
United States Attorney